UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT A. HOLTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-CV-342 AGF |
| ) | |
| ST. LOUIS COUNTY PUBLIC DEFENDER ) | |
| OFFICE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of self-represented plaintiff Robert A. Holts for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, for the reasons discussed below, the Court will dismiss the complaint.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, then the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In his signed and sworn motion, plaintiff states that he earns $7.50 over an unspecified pay period. ECF No. 2. On March 18, 2020, plaintiff filed a letter with the Court stating that he has been unsuccessful in his attempts to obtain a six-month inmate account statement from the St. Charles County Jail where he is being held. ECF No. 5. As of this date, no account statement has been filed. Based on the financial information plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the Court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, if the essence of an allegation is discernible, then the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

**Background**

According to an independent review of plaintiff's criminal history on the State of Missouri's online docketing system, CaseNet, plaintiff pleaded guilty in the Circuit Court for St. Charles County to felony rape and felony sexual assault on June 2, 1992. *State v. Holts*, No.11R019102177 (11th Jud. Cir., St. Charles Cty.). On January 5, 1993, the Court sentenced plaintiff to five years' imprisonment. Plaintiff did not file a direct appeal, nor did he seek post-conviction relief.

On April 3, 2012, plaintiff pleaded guilty in the Circuit Court for the County of St. Louis to eleven charges which included: several counts of felony sexual assault, statutory rape in the second degree, statutory sodomy in the second degree, child molestation in the second degree, sexual misconduct in the second degree, failure to register as a sex offender, and prior offender residing within 1000 feet of school or childcare facility. *State v. Holts*, No. 11SL-CR06748-01 (21st Jud. Cir., St. Louis Cty.). On the same date, the Court sentenced plaintiff to ten years'

imprisonment.  Plaintiff did not file a direct appeal, nor did he seek post-conviction relief.  According to the docket sheet, plaintiff was represented by St. Louis County public defender Michelle Morgan-Burriel[1] in that matter.

Currently pending in the Circuit Court for St. Charles County is a petition, brought pursuant to Missouri Revised Statutes §§ 632.480 through 632.513, to have plaintiff declared a sexually violent predator.  *In re Robert A. Holts*, No. 1811-PR00207 (11th Jud. Cir., St. Charles Cty.).  A jury trial has been set for July 15, 2020, in this matter.

## The Complaint and Supplement

Plaintiff, an inmate at the St. Charles County Jail, brings this action under 42 U.S.C. § 1983 against defendants: (1) St. Louis County, (2) Public Defender's Office of St. Louis County, (3) public defender Michelle L. Morgan-Burriel, and (4) Missouri Sex Offender Program.[2]  ECF No. 1 at 1-7.  He names all defendants in both their individual and official capacities.  *Id.*

As to defendant St. Louis County, plaintiff alleges that the County issued a warrant against him in 2011.  Once arrested, plaintiff could not pay the bond.  Plaintiff states that the County failed him by not listening to his side of the story, causing him and his family pain.  He asserts that they rushed to judgment against him.  *Id.* at 4.  Presumably it was these same 2011 charges that lead to the appointment of public defender Morgan-Burriel, from the Public Defender's Office of St. Louis County, to represent plaintiff.  Plaintiff states that he "wishes

---

[1] Plaintiff refers to this defendant on his complaint by two different surnames: "Morgan-Burriel" and "Burriel."  *See* ECF No. 1 at 1, 6.  The Court will use the surname "Morgan-Burriel" to refer to this defendant.

[2] The Court notes that the named defendants are difficult to decipher from the caption and first few pages of plaintiff's complaint due to the crossing out of multiple words and sections.  *See* ECF No. 1 at 1-3.  The Clerk of Court docketed this case with three defendants instead of four – combining St. Louis County and its Public Defender Office into one defendant.  Based on the caption, this appears correct.  *See id.* at 1.  However, based on plaintiff's numbering and listing of these defendants separately later in his complaint, the Court will consider them separate defendants and direct the Clerk to update the docket sheet to reflect this change.  *See id.* at 4-5.

[Morgan-Burriel] would have worked harder," had "more faith coming in … [and an] open mind," and had not "rush[ed] to judge." *Id.* at 6.  Plaintiff asserts that the Public Defender's Office failed to believe him, did not trust him, assumed the worse about him, and could never see the good but only the bad.  *Id.* at 5.  Plaintiff alleges this created a harmful "confirmation bias."  *Id.* at 4-6.

The allegations against the Missouri Sex Offender Program are wholly unrelated to the allegations concerning plaintiff's 2011 arrest that involved the other three defendants.  Plaintiff states that he participated in the Program in 2017 while incarcerated at the Farmington Correctional Center.  He "had to pass the Missouri Sex Offender Program before [he] could get out."  *Id.* at 7.  Plaintiff alleges that he was injured by the Program when he had "to say … hurtful things that was [sic] untrue."  *Id.*  He alleges that the Program staff did not believe the truth, rushed to try to prove him wrong, assumed the worst in him, failed to find the truth about him, said things about him that were not true, and called him names.  *Id.*

Plaintiff alleges a long list of injuries due to defendants' actions, including emotional stress, depression, high blood pressure, PTSD, nightmares, crying spells, slander, self-blame, pain, suffering, humiliation, and psychological trauma.  ECF No. 1 at 4-9.  For relief, plaintiff seeks $500,000.  *Id.* at 9.

On April 13, 2020, plaintiff filed a supplement to his complaint with the Court.[3]  ECF No. 8.  In the filing, plaintiff requests a "new trial and investigation," regarding his Missouri

---

[3] Plaintiff's supplement was received by the Court on April 13, 2020, with no case number.  On the following day, the Court received the complaint for a new case filed by plaintiff: *Holts v. Public Defenders Officer et al.*, No. 4:20-CV-532-RLW (filed Apr. 14, 2020).  In that case, plaintiff named as defendants the Public Defender's Office, public defender Louis Drossman, and attorney Robert M. Wohler.  Plaintiff complained about defendants' representation of him in criminal actions from 2011, including *State v. Holts*, No.11R019102177 (11th Jud. Cir., St. Charles Cty.).  *Holts v. Public Defenders Officer* was dismissed without prejudice on April 27, 2020, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

criminal conviction for felony rape and felony sexual assault in *State v. Holts*, No.11R019102177 (11th Jud. Cir., St. Charles Cty.). *Id.* at 1. Plaintiff alleges he received ineffective assistance of counsel from his attorneys Drossman and Wohler, who represented him in that matter. *Id.* at 1-16. Plaintiff included in the supplement a portion of a deposition of one of the alleged victims in that criminal matter, taken by attorney Wohler. ECF No. 8-1.

## Discussion

Plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for multiple reasons. First, plaintiff's complaint fails to state a claim for compensatory damages because he does not allege physical injury or commission of a sexual act by defendants. Second, plaintiff's complaint fails to allege a violation of a constitutional right by any of the named defendants, as protected by § 1983. Third, plaintiff's claims against defendants St. Louis County, County Public Defender's Office, and defender Morgan-Burriel are barred by the applicable statute of limitations. For all these reasons, this case will be dismissed.

First, plaintiff's complaint fails to state an actionable claim under the Prison Litigation Reform Act ("PLRA") for compensatory damages. For relief in this matter, plaintiff seeks $500,000. However, the PLRA states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury."). Plaintiff alleges that defendants treated him unfairly and did not listen to his side of the story. He does not claim that defendants caused him physical injury arising out of alleged violations of his constitutional rights. He seeks relief for emotional distress, humiliation, and depression. The PLRA bars recovery of compensatory damages in this action.

Second, plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's complaint fails to state a § 1983 claim upon which relief may be granted against any of the four named defendants.

A governmental entity like St. Louis County can be sued directly under § 1983. *See Monell*, 436 U.S. at 690. Liability under § 1983 may attach if the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Here, plaintiff alleges that, when he was arrested in St. Louis County in 2011, he was not listened to and his thoughts and feelings were not considered. Plaintiff fails to allege a constitutional violation by St. Louis County. In addition, he does not allege that the County has an unconstitutional policy or custom making it liable for violations of his constitutional rights. Nor does he allege a deliberately indifferent failure to train or supervise. Indeed, there is no mention whatsoever of any policy or custom anywhere in the allegations. Plaintiff's claims against defendant St. Louis County fail to state a § 1983 claim and do not survive review under 28 U.S.C. § 1915(e)(2)(B).

"[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 325. In this case, plaintiff's complaints about public defender Morgan-Burriel and the entire St. Louis County Public Defender's office concern Morgan-Burriel's performance of the traditional

- 7 -

functions of a defense attorney. None of the allegations indicate that Morgan-Burriel or the County Defender Officer acted as a state actor or as a willful participant in joint activity with the state. As such, plaintiff's allegations against the St. Louis County Public Defender's Office and public defender Michelle Morgan-Burriel fail to state a claim upon which relief may be granted.

Plaintiff's assertions as to the Missouri Sex Offender Program also fail to state a claim under § 1983. Plaintiff alleges that, while he was in the Program at Farmington Correctional Center in 2017, he "had to say things … that [were] untrue," that they "did not [believe] the truth," they rushed to "try to prove [him] wrong," they assumed the worst in plaintiff, and they called him names. ECF No. 1 at 7. None of these allegations amount to a constitutional violation. Plaintiff fails to state a § 1983 claim against the Missouri Sex Offender Program.

Third, even if plaintiff's allegations stated a § 1983 claim against defendants St. Louis County, County Public Defender's Office, and defender Morgan-Burriel, they are subject to dismissal as time-barred. "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (citation omitted). Because § 1983 provides no period of limitation, the controlling limitation period is the most appropriate period provided by state law. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984) (citations omitted). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4).

In this case, plaintiff's allegations against defendants St. Louis County, County Public Defender's Office, and defender Morgan-Burriel are based on events that occurred in 2011 and 2012. Plaintiff seems to try to explain his late filing by stating in his complaint that he "never knew that [he] could file anything" and that he "was never taught how." ECF No. 1 at 11.

Generally, a Court refers to state laws for statute of limitation tolling rules, like looking at state law to determine the length of statutes of limitations. *Wallace v. Kato*, 549 U.S. 384, 394 (2007). In Missouri, a plaintiff bears the burden of showing that he strictly comes within a claimed exception to the statute of limitations. *Graham v. McGrath*, 243 S.W.3d 459, 464 (Mo. Ct. App. 2007) (citation omitted). In addition, the statutes of limitations are favored in the law, so any exceptions must be strictly construed, even in cases of hardship. *Id.* Plaintiff's bare assertion that he lacked the knowledge that he could file a case is insufficient to toll the statute of limitations. Based on a five-year statute of limitations for § 1983 claims, plaintiff's claims against defendants St. Louis County, County Public Defender's Office, and defender Morgan-Burriel are time-barred.

After carefully reading and liberally construing the complaint and supplement, the Court concludes that the complaint is subject to dismissal for failure to state a claim upon which relief may be granted. It is apparent that the problems with the complaint would not be cured by permitting plaintiff to file an amended pleading. The Court will therefore dismiss this action without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall update the docket sheet in this matter to include four named defendants: (1) St. Louis County, (2) Public Defender's Office of St. Louis County, (3) public defender Michelle L. Morgan-Burriel, and (4) Missouri Sex Offender Program.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to any of the defendants because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendants St. Louis County, Public Defender's Office of St. Louis County, Michelle L. Morgan-Burriel, and Missouri Sex Offender Program are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's second motion for appointment of counsel [ECF No. 7] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of June, 2020.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE